U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 1 0 2012
CLERK, U.S. DISTRICT COURT
By_____
      Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM EARL ALEXANDER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-628-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, William Earl Alexander, a state prisoner currently incarcerated in Gatesville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On October 30, 2009, a jury found petitioner guilty of aggravated assault with a deadly weapon in the 355th Judicial District Court of Hood County, Texas, cause number CR11166,

petitioner pleaded true to enhancement allegations in the indictment, and the jury assessed his punishment at 99 years' confinement and a $10,000 fine. (Clerk's R. at 5-6, 36) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on April 13, 2011, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Alexander v. State*, No. 2-09-405-CR, slip op. (Tex. App.-Fort Worth Oct. 21, 2010) (not designated for publication); *Alexander v. State*, PDR No. 1706-10. Petitioner did not seek writ of certiorari. (Pet. at 3)

On July 16, 2012, petitioner filed a state postconviction habeas application challenging his 2009 conviction, which was denied by the Texas Court of Criminal Appeals without written order on November 14, 2012. (Resp't Prel. Resp., Ex. A) *Ex parte Alexander*, Appl. No. WR-78,403-014, *Texas Courts Online - Court of Criminal Appeals* (Dec. 6, 2012), *available at* http://www.cca.courts.state.tx.us. This federal petition was filed on August 31, 2012, in which petitioner challenges his state conviction on six grounds.[1] (Pet. at 7-9)

---

[1]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

2

## II. Statute of Limitations

Respondent contends the petition is untimely. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on July 12, 2011, and closed one year later on July 12, 2012, absent any tolling. *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

Petitioner's state habeas application filed on July 16, 2012, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner replied to respondent's preliminary response explaining his delay in seeking habeas relief or otherwise alleged or demonstrated that he pursued his rights diligently but was prevented from timely filing by some extraordinary circumstance that would justify equitable tolling. *See Holland*

4

v. *Florida*, 130 S. Ct. 2549, 2562 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

Petitioner's federal petition was due on or before July 12, 2012, absent statutory or equitable tolling. Petitioner's petition filed on August 31, 2012, was filed beyond the limitations period and is, therefore, untimely.

For the reasons discussed herein,

The court ORDERS petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition was timely filed and made a substantial showing of the denial of a constitutional

right.

  SIGNED December **10**, 2012.

            _____
            JOHN MCBRYDE
            UNITED STATES DISTRICT JUDGE